**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE TRUSTEES OF UNIVERSITY OF PENNSYLVANIA<br><br>Plaintiff<br><br>v.<br><br>GETUP-UAW LOCAL 5124<br><br>Defendant | : | Civil Action<br>NO. 2:26-cv-05658 |

**MEMORANDUM OF LAW**
**OF PLAINTIFF THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA SUR-REPLY IN OPPOSITION TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COZEN O'CONNOR

By: *s/ George A. Voegele, Jr.*
George A. Voegele, Jr. (PA 76812)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-5595

Anneliese Wermuth (*pro hac vice)*
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7876

*Attorneys for Plaintiff*

# I. ARGUMENT

Plaintiff, The Trustees of the University of Pennsylvania files this Sur-Reply to address new arguments and authorities raised in Defendant's Reply Memorandum of Law. (ECF No. 20, the "Reply"). The only question before the Court on this Motion to Dismiss is whether the Complaint states a plausible claim for a declaratory judgment that the issues are not substantively arbitrable. That inquiry is confined to the face of the Complaint, accepting its well-pleaded allegations as true. Plaintiff, The Trustees of the University of Pennsylvania (the "University"), has pleaded that claim fully and properly, and Defendant GETUP-UAW Local 5124 (the "Union") has no answer to it. Instead, in its Reply, the Union abandons the pleadings and asserts, for the first time, that the University has waived its arbitrability challenge because an American Arbitration Association ("AAA") hearing in the matter is set for May 21, 2027. Reply at 7. The Union's Reply strays well beyond the pleadings and introduces more recent developments with respect to the pending AAA proceedings in a manner that is both misleading and not in accord with the law. This all but confirms there is a live and active controversy which requires judicial resolution. This Court should reject this maneuver outright. By injecting assertions about AAA scheduling that it held back until Reply, the Union attempts to convert a motion to dismiss into a fact-bound merits dispute. The law forbids that tactic, and neither outside facts nor late-raised arguments can supply a defense the Complaint itself defeats. The Court should disregard this argument entirely because it is untimely, procedurally improper, and outside the scope of review.

Even if the Court considers this argument, it still fails on the merits. The University preserved its right to a judicial determination of arbitrability at every step, exactly as the law requires. Whether a grievance is subject to arbitration at all is a question for the court to decide, not the arbitrator, and a party has a right to a judicial determination of that issue. See AT&T Techs.,

Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 583 n.7 (1960). A party gives that right up only by agreeing to submit the arbitrability question itself to the arbitrator. Id. Courts infer that agreement from conduct only when a party places the arbitrability question before the arbitrator without objection. See Teamsters Local Union v. J.H. Merritt & Co., 770 F.2d 40, 42 (3d Cir. 1985) (employer that voluntarily submitted dispute to arbitration without objection could not later contest the arbitrator's authority). Filing, scheduling, and even attending an arbitration hearing waives nothing. Waiver arises only when a party lets the arbitrator decide whether the grievance is substantively arbitrable. The Union's argument that selecting an arbitrator and accepting a hearing date surrendered judicial review turns this settled law on its head. The University reserved arbitrability for this Court from the outset, and never wavered.

The controlling case law confirms that the University did everything required. In Yorkaire, Inc. v. Sheet Metal Workers International Association, Local Union No. 19, 758 F. Supp. 248, 253-55 (E.D. Pa. 1990), Judge DuBois found waiver not because the employer arbitrated, but because it expressly let the arbitration panel decide arbitrability. That employer never argued that the question belonged to the courts, never reserved it for judicial review, and challenged the panel's authority only after losing on the merits. Id. In so holding, Judge DuBois adopted the Ninth Circuit's reasoning in George Day Construction Co. v. United Brotherhood of Carpenters & Joiners of America, Local 354, 722 F.2d 1471, 1475 (9th Cir. 1984), which expressly recognized that a party may participate in arbitration while preserving its objection:

> Had the employer objected to the arbitrator's authority, refused to argue the arbitrability issue before him, and proceeded to the merits of the grievance, then, clearly, the arbitrability question would have been preserved for independent judicial scrutiny. The same result could be achieved by making an express reservation of the question on the record. However, where, as here, the objection is raised, the arbitrability issue is argued along with the merits, and the case is

> submitted to the arbitrator for decision, it becomes apparent that the parties have consented to allow the arbitrator to decide the entire controversy, including the question of arbitrability.

Yorkaire, 758 F. Supp. at 255 (E.D. Pa. 1990). George Day lays out the roadmap for preserving arbitrability while proceeding in the arbitral forum: object, refuse to submit arbitrability to the arbitrator, and expressly reserve it on the record, or seek declaratory relief before arbitration begins. Id. The University took both paths: it objected and expressly reserved arbitrability in writing, and it filed this declaratory judgment action before any arbitration hearing. The employer in Yorkaire took neither path. Yorkaire, 758 F. Supp. at 253-55.

The Third Circuit and its sister circuits apply the same uniform rule: waiver follows only from a *voluntary and unreserved* submission. Jones Dairy Farm v. Local No. P-1236, United Food & Commercial Workers Int'l Union, 760 F.2d 173, 175 (7th Cir. 1985) ("If a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it."); United Industrial Workers, Local 16 ex rel. Bouton v. Government of the Virgin Islands, 987 F.2d 162, 168 (3d Cir. 1993) (emphasis added). In United Industrial Workers, the court found waiver only because the union participated in arbitration without ever objecting to the arbitrator's authority, relying on Teamsters Local Union No. 764 v. J.H. Merritt & Co., 770 F.2d 40, 43 (3d Cir. 1985), and decisions from the Fifth, Seventh, and Ninth Circuits. 987 F.2d at 168-69; See George Day, 722 F.2d at 1475-76; Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1, 611 F.2d 580, 584 (5th Cir. 1980). A party that objects and reserves the question preserves it, no matter how far the arbitral process advances. George Day, 722 F.2d at 1475-76; Yorkaire, 758 F. Supp. at 253-55. The University did precisely that. The Union cites no case holding otherwise.

Finally, even crediting the Union's new factual assertions (which lie well outside the Complaint), this record forecloses any claim that the University submitted to the arbitral process or that "the arbitration step . . . still remains to be exhausted." Reply at 7. The University objected first, in writing, and before the arbitral process began. On July 27, 2026, before any arbitrator was appointed and long before any hearing was scheduled, the University's letter, copied to the Union, demanded that the AAA "cease and desist any further processing of this grievance, pending court action." (See Exhibit A, University's July 27, 2026 Letter to AAA).[1] The University declared that the grievance presents "a representational dispute, not a question of contract interpretation," and "therefore . . . is not arbitrable"; announced that the University "will file suit in federal court seeking a declaratory judgment that the grievance is not arbitrable"; and stated without qualification that "[s]ubstantive arbitrability, including any asserted duty to arbitrate, is for judicial determination, not an arbitrator." Id. It directed the AAA to "halt all processing . . . while these threshold issues are litigated" and "expressly reserve[d]" all other objections. Id. That is the timely reservation George Day and Yorkaire describe, and the University then filed the declaratory action those cases contemplate. George Day, 722 F.2d at 1475-76; Yorkaire, 758 F. Supp. at 253-55. The University objected at the outset, not after an adverse ruling as in Yorkaire, and never proceeded "without voicing objection" as in United Industrial Workers. 987 F.2d at 169. Its participation was anything but "voluntary and unreserved." Jones Dairy Farm, 760 F.2d at 175.

The Union's own correspondence confirms that the University's objection was live and contested. Its August 4, 2026 response never claimed the University had consented to arbitral

[1] While the University maintains that the Union's inclusion of new factual allegations premised upon documents not attached or integral to the Complaint should be rejected for purposes of a motion to dismiss under Rule 12(b)(6), to the extent they are considered, the University provides the full facts that the Union omitted.

resolution of arbitrability. (See Exhibit B, Union's Aug. 4, 2026 Letter). Instead, the Union argued that AAA could not halt the case "simply on the say-so of one party" and that any question of arbitrability "should be addressed by the arbitrator." Id. In other words, the Union asked AAA to send arbitrability to the arbitrator over the University's objection. That request is an admission: the parties disputed who should decide arbitrability and never agreed to give that question to the arbitrator. The Union cannot now disown its own words.

AAA acted solely as an administrator and left the University's objection untouched. It framed "[t]he issue before the [AAA]" as "whether the filing requirements contained in the AAA's Rules have been met," made "an administrative determination" that they had, and announced that, absent agreement or a court stay, it "will proceed." (See Exhibit C, AAA's Aug. 4, 2026 Letter). It did not reject the University's reservation; it stated only that the parties "*may* submit their jurisdictional or arbitrability arguments to the arbitrator," while confirming it "will abide by an order issued by the courts." Id. (emphasis added). It then directed the parties to strike and rank arbitrators by August 11, 2026. Id. No arbitrator has ruled on arbitrability, and the University has never asked one to. The AAA itself recognized that this Court has the final word.

The University's timely objection stands fully preserved and properly held in abeyance pending this Court's decision, because no arbitrator has ruled on it. That is exactly the course George Day endorses: a party that objects and expressly reserves the question on the record, or seeks declaratory relief before arbitration begins, preserves arbitrability for independent judicial scrutiny. George Day 722 F.2d at 1475; Yorkaire, 758 F. Supp. at 255. Every waiver case turns on objections that were never made or made only after an arbitrator ruled. Yorkaire, 758 F. Supp. at 253-55; United Indus. Workers, 987 F.2d at 168-69. Nothing of the kind happened here. Unless the parties "clearly and unmistakably provide otherwise," the question of arbitrability "is to be

decided by the court, not the arbitrator." AT&T, 475 U.S. at 649. Only the parties can make that agreement; a neutral administrator's decision to keep processing a case cannot make it for them or override the University's express written reservation. The Union concedes this standard. Reply at 2. That concession is fatal to its waiver argument: waiver applies only to disputes a party agreed to arbitrate, and whether the University agreed to arbitrate this grievance is a question for the Court. AT&T, 475 U.S. at 649. Where a party has expressly reserved an issue for the Court, waiver cannot be used to compel arbitration before a court decides whether arbitration is required at all. No authority treats the AAA's administrative scheduling as a forfeiture of the right to a judicial determination of arbitrability, and the Union cites none. The Court should reject this specious argument.

## II. CONCLUSION

For the foregoing reasons, Plaintiff, The Trustees of the University of Pennsylvania, respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

Respectfully submitted,

COZEN O'CONNOR

Date: November 16, 2026

By: *s/ George A. Voegele, Jr.*

George A. Voegele, Jr. (PA 76812)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-5595

Anneliese Wermuth (*pro hac vice)*
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7876

*Attorneys for Plaintiff*

COZEN O'CONNOR

July 27, 2026

**Kelly T. Kindig**
Direct Phone 215-665-7252
kkindig@cozen.com

**VIA EMAIL (CHRISTINENAIDA@ADR.ORG)**

Christine Naida
Case Administrator
American Arbitration Association
230 South Broad Street
12th Floor
Philadelphia, PA 19102-4106

**Re: GETUP-UAW LOCAL 5124 – and – The Trustees of the University of Pennsylvania, Case No. 01-26-0004-2750**

Dear Ms. Naida:

We represent the Trustees of the University of Pennsylvania ("the University") with respect to the above-referenced demand for arbitration filed by GETUP-UAW LOCAL 5124 ("the Union"), which represents certain graduate student workers at the University. We write to request that the American Arbitration Association ("AAA") cease and desist any further processing of this grievance, pending court action.

The Union's grievance does not allege a breach of the parties' collective bargaining agreement ("CBA"). Instead, it seeks to unlawfully expand or clarify the bargaining unit to include non-employees not encompassed within the CBA's recognition provisions, specifically students not covered by Section 7 of the National Labor Relations Act. That is a representational dispute, not a question of contract interpretation, and therefore it is not arbitrable under the parties' CBA. Because the dispute involves students, it also implicates non-arbitrable student privacy rights under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g.

The University takes these matters seriously and raised its concerns to the Union directly, but they were disregarded. Accordingly, the University will file suit in federal court seeking a declaratory judgment that the grievance is not arbitrable. Substantive arbitrability, including any asserted duty to arbitrate, is for judicial determination, not an arbitrator.

In light of the foregoing, we respectfully request that AAA halt all processing of the Union's demand while these threshold issues are litigated. Please let me know if you would like to discuss or need any additional information.[1]

---

[1] The University hereby expressly reserves any other objections and arguments it might have to the continued processing of this grievance including, without limitation, that the grievance is untimely on its face and contrary to agreements of the parties. Additionally, the grievance is moot as the remedy sought relates to students who now have joined the bargaining unit.

We appreciate your prompt attention to this matter.

Sincerely,

COZEN O'CONNOR

BY: KELLY T. KINDIG

KTK:cmf

cc: Ethan Hill, UAW Local 5124 (via email)
Sean Burke, Esquire (via email)
Jennifer Feldman, Esquire (via email)
Joseph A. Scopelitis, Esquire (via email)

Ethan Hill
UAW Local 5124
ehill@uaw.net

August 4, 2026

Christine Naida
Case Administrator
American Arbitration Association
230 South Broad Street, Floor 12
Philadelphia, PA 19102-4493

**Re: UAW Local 5124 -and- The University of Pennsylvania Grievance: Misclassification of Biomedical Graduate Studies Graduate Workers, Case No. 01-26-0004-2750**

Dear Ms. Naida,

Please consider this letter as the Union's response to Ms. Kindig's July 27, 2026 letter concerning the above referenced grievance.

In her letter, Ms. Kindig claims that this controversy is not arbitrable because the grievance "does not allege a breach of the parties' collective bargaining agreement ('CBA')." That is simply incorrect. The CBA contains a recognition clause that states that Educational Fellowship Recipients ("EFRs") are part of the bargaining unit "if they provide teaching or research services for the University" but excluding those EFRs "in lab rotation in the first year of the Biology PhD Program and the first and second years of the Biomedical Graduate Studies PhD Program." The grievance alleges that the University has violated that provision of the CBA when it did not allow EFRs to join the unit when (a) they are in their first or second year of a Biology or Biomedical Graduate Studies program but have completed their lab rotations and are providing research services, or (b) they are in their first or second year of a Biology or Biomedical Graduate Studies program and are providing teaching services.

The Union's entire argument is based upon the language of the recognition clause of the CBA. Specifically, that the University violated the clear language of the recognition clause when it refused to include in the bargaining unit individuals who under the recognition clause should be included. It is the Union's contention that by not including those individuals, University violated the CBA. The grievance procedure under the CBA defines a grievance to be "a claim or dispute regarding the interpretation, application, or alleged violation of specific terms or provisions of this Agreement." It further states that "Grievances <u>shall</u> be processed in accordance with the procedures outlined in this Article." (emphasis added) The Union's grievance is exactly the kind of controversy that the grievance procedure was created for. In fact, the CBA specifies

that a controversy over the meaning of the recognition clause must be adjudicated through the grievance procedure.

While Ms. Kindig threatened to file a “suit in federal court,” no such lawsuit has been filed. Unless a court enters an order blocking arbitration, AAA has no ability to not process a petition for arbitration simply on the say-so of one party. If there is any question whether a controversy is arbitrable, that question should be addressed by the arbitrator.

Sincerely,

Ethan Hill
UAW Local 5124

Cc: Kelly Kindig
Jeannie Moon
Clancy Murray
Linda Esposito
Sean Burke
Jennifer Feldman
Jeffrey Rowland
Joseph Scopelitis

AMERICAN ARBITRATION ASSOCIATION® | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

Kenneth Egger
Vice President
230 South Broad Street
12th Floor
Philadelphia, PA 19102-4106
Telephone: (215)732-5260

August 4, 2026

Ethan Hill
UAW Local 5124
1930 East Marlton Pike, Suite W109
Cherry Hill, NJ 08003
Via Email to: Ehill@uaw.net

Kelly Kindig, Esq.
Cozen O'Connor
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA 19103
Via Email to: kkindig@cozen.com

Case Number: 01-26-0004-2750

UAW Local 5124
-and-
University of Pennsylvania
Grievance: Misclassification of Biomedical Graduate Workers

Dear Parties:

This will acknowledge receipt of a Mr. Hill's August 4, 2026 letter, copies of which we note was forwarded to opposing counsel.

The issue before the American Arbitration Association (the AAA) is whether the filing requirements contained in the AAA's Rules have been met by the filing party. After review of the file, the AAA has made an administrative determination that they have met the filing requirements by filing a demand for arbitration providing for administration by the AAA under its Rules. Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the AAA will proceed with the administration of the arbitration.

However, the parties' contentions have been made a part of the file and will be forwarded to the arbitrator upon appointment, at which time the parties may submit their jurisdictional or arbitrability arguments to the arbitrator for determination.

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

As stated in our previous letter which included the arbitrator list and resumes, we encourage the parties to agree on a neutral. Absent agreement we ask each party to strike the names objected to, number the remaining names in order of preference and return the list on or before August 11, 2026.

The list for selection of arbitrators is also available on-line. The parties may strike and rank their preferences, which will be kept confidential.

Please contact me if you have any questions or concerns.

Sincerely,

Christine Naida
Case Administrator
Direct Dial: (215)731-2274
Email: ChristineNaida@adr.org

cc :

Jeannie Moon
Clancy Murray
Linda Esposito
Sean Burke
Jennifer Feldman
Jeffrey Rowland
Joseph Scopelitis, Esq.

**A M E R I C A N A R B I T R A T I O N A S S O C I A T I O N**

Do not send this form to the other party

DATE LIST SUBMITTED: August 4, 2026
CASE MANAGER: Christine Naida

Case Number: 01-26-0004-2750

UAW Local 5124
University of Pennsylvania
Grievance: Misclassification of Biomedical Graduate Workers

**LIST FOR SELECTION OF ARBITRATOR**

************************************************************************************

After striking the name of any unacceptable arbitrator, please indicate your order of preference by number. We will try to appoint a mutually acceptable arbitrator who can hear your case promptly. Leave as many names as possible. Biographical information is attached. Unless your response is received by DUE DATE, all names submitted will be deemed acceptable.

Timothy J. Brown

Lisa C. Charles

Ralph H. Colflesh, Jr., Esq.

Mattye M. Gandel

Robert C. Gifford, Esq.

Richard M. Goldberg, Esq.

Jared N. Kasher

Joyce M. Klein, Esq.

Barbara Lichtman

Randi Elyse Lowitt, Esq.

Thomas G. McConnell, Jr., Esq.

Richard C. McNeill, Jr., Esq.

Deborah L. Murray-Sheppard

Joan Parker

David J. Reilly, Esq.

************************************************************************************

By______________________________________________ Party _______________________________

SCHEDULING PREFERENCES

In order to expedite the scheduling of the hearing(s), the parties are requested to complete the following:

Preferred months / dates: ______________________________________________________________

Number of hearings expected: ___________________________________________________________

Preferred hearing location: ____________________________________________________________